**UNITED STATES COURT OF INTERNATIONAL TRADE**

----------------------------------------------------------------- X
**IMAGININGS 3 INC. D/B/A FLIX CANDY,**         :
                                                :
      **Plaintiff,**                                  :
                                                :
      *v.*                                            :    No. 21-cv-00403
                                                :
**UNITED STATES,**                              :
                                                :
      **Defendant.**                                 :
----------------------------------------------------------------- X

## COMPLAINT

Plaintiff Imaginings 3, Inc. d/b/a Flix Candy, for its Complaint in this action, does hereby state and allege as follows:

## CAUSE OF ACTION

1. Plaintiff brings this action pursuant to Section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515, to challenge Customs' denial of plaintiff's protest against the classification, in liquidation, of certain toy lips.

## JURISDICTION

2. This Court has exclusive subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1581(a).

3. All liquidated duties, taxes and fees were paid prior to the commencement of this action.

## PARTIES

4. Plaintiff Imaginings 3 Inc., d/b/a Flix Candy is a United States corporation headquartered in Niles, Illinois. It was the importer of record of the merchandise which is the subject of this action, and paid the liquidated duties, taxes and fees. It is the real party in interest in this action.

5. Defendant United States of America is the Federal defendant. The denial of plaintiff's protest in this action was done by defendant's agency United States Customs and Border Protection ("CBP"), a unit of the Department of Homeland Security.

## STATEMENT OF FACTS

6. The merchandise which is the subject of this action consists of certain children's toys of a kind known as "Lip Pops."

7. A "Lip Pop" is a composite product consisting of a plastic set of false lips often imitating those of a well-known character, connected to a plastic stem with a piece of hard candy (lollipop) at the end.

8. The small piece of inexpensive candy added to the portion of the toy is intended to be held inside the mouth as the toy false teeth/lips/mouth changes one's appearance. Children are encouraged to then take and share selfies with the toy Lip Pops on social media under the hashtag #lippopselfie.

9. A child will consume the candy once, but generally keep the lips component for repeated play.

10. The plastic lips cost about 10 times as much to manufacture as the lollipop component of the product. Additionally, Imaginings 3 pays royalties to licensors, such as, Disney and Pixar, for the right to incorporate trademarked designs in the plastic lips. For instance, "Mater" teeth, modeled after the tow truck character "Tow Mater," in the Disney/Pixar film series "Cars," which design Disney used in one of its official holiday cards.

11. The cost of manufacturing the lips component drives the pricing of "Lip Pops," which are priced in the range for small toys, rather than lollipops.

12. A purchaser whose principal goal is to acquire a hard candy could purchase a lollipop for much less than the price of "Lip Pops."

13. The plastic lips are manufactured and tested to exacting safety standards for children's products imposed by standards from the American Society for Testing and Materials ("ASTM") and enforced by the Consumer Product Safety Commission ("CPSC") pursuant to the Consumer Products Safety Improvement Act ("CPSIA"). The molded plastic lips are tested to ensure that lead, cadmium, arsenic and mercury contents are well below established safety parameters.

14. The product is generally marketed novelty, seasonal and front end section of stores such as Wal-Mart, which is the nation's largest seller of the product.

15. CBP liquidated plaintiff's entries of these products under subheading 1704.90.3550, HTSUS with a 5.6% duty rate. Any product entered with a country of origin of "China" was also assessed under 9903.88.03 with a 10% or 25% Section 301 duty depending on the date of entry.

16. Plaintiff filed protest contesting the assessment of these duties and classifications. The protest were denied on February 10 and May 20, 2021.

## COUNT I

17. Paragraphs 1 through 16 are incorporated by reference as though fully set forth herein.

18. CBP classified the Lip Pops in liquidation under subheading 1704.90.3550, HTSUS", a provision for "Sugar confectionery (including white chocolate), not containing cocoa: Other: Confections or sweetmeats ready for consumption: Other: Other: Put up for retail sale: Other." Goods so classifiable have a general rate of duty of 5.6% ad valorem. In addition, when products of the People's Republic of China, the products were assessed an addition retaliatory duty of 10 or 25% ad valorem pursuant to Section 301 of the Trade Act of 1974, as amended, 19 U.S.C. § 2411.

19. The Lip Pops are "goods put up in sets for retail sale", consisting of two or more components which, if imported separately, would be subject to different classifications and rates of duty – the toy lips component under subheading 9503.00.0073, HTSUS, as "other toys" and the hard candy component under subheading 1704.90.3550.

20. Pursuant to General Rule of Interpretation 3(b) of the HTSUS, which is the best evidence of its contents, goods put up in sets for retail sale "shall be classified as if they consisted of the material or component which gives them their essential character, insofar as this criterion is applicable."

21. In determining which component imparts the "essential character" to goods put up in sets for retail sale, the Courts may consider various factors, including but not limited to, the relative cost, value, weight, or bulk of a component, or the importance of the component to the function of the set.

22. The toy lips component of the product at bar is the most costly, having a cost approximately ten (10) times as great as the value of the hard candy component.

23. The toy lips component of the product at bar accounts for the greatest weight of the set components.

24. The toy lips component of the product at bar is the most important component for the functioning of the set, as Lip Pops are primarily sold and used for the amusement of children and adults, and their use as a pleasurable diversion exceeds any practical or utilitarian use.

25. The toy lips component of the product at bar requires the design and use of special tooling to manufacture.

26. The toy lips component of the product at bar often features trademarked images of popular characters from film, television and other media, for which plaintiff pays a royalty or license fee to a third party licensor.

27. The designs of the plastic lips component of the product drives it's marketing. The packaging and point-of-sale advertising of the product changes based on the character and characteristics of the plastic lips toy. A Disney character will be featured on Disney packaging for the product. A Marvel character will be featured on Marvel packaging for the product.

28. By contrast, the confectionery ("lollipop") component of the article does not drive the packaging or marketing of the "Lip Pops" product.

29. Lip Pops are advertised for the use of the plastic lips and not the lollipop. The lollipop is an additional treat for consumers as they use that end to hold the plastic lips/teeth/mouth in place for a selfie or amusement amongst friends and family.

30. The Lip Pops are properly classified under subheading 9503.00.0073, HTSUS, which provides for "Tricycles, scooters, pedal cars and similar wheeled toys; dolls' carriages; dolls, other toys; reduced scale models and similar recreational models, working or not; puzzles of all kinds; parts and accessories thereof: Other: Labeled or determined by importer as intended for use by persons: 3-12 Years of age", and are unconditionally duty free.

31. Because Plaintiff's Lip Pops are essentially "recreational models" of mouths of different characters, they cannot be classified under Chapter 17, HTSUS or under the secondary subheading 9903.88.03, HTSUS.

## COUNT II

32. Paragraphs 1 through 31 of this Complaint are incorporated by reference, as though fully set forth herein.

33. In the event the Lip Pops are not classifiable in subheading 9503.00.0073, HTSUS, they should be classified under subheading 9505.90.2000, HTSUS, which provides for "Festive, carnival or other entertainment articles, including magic tricks and practical joke articles; parts and accessories thereof; Other: Magic tricks and practical joke articles; parts and accessories thereof", and are unconditionally duty free.

34. As the essential character of the Lip Pops, the plastic mouth/teeth/lips are entertainment articles that can be used as practical joke articles.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court enter judgment in its favor and enter an order directing the appropriate Customs officer to reliquidate the subject entries of merchandise free of duty; and refunding to plaintiff all excess duties, taxes and fees, with interest as provided by law; and –

Providing plaintiff such further and additional relief as this Court may deem just and appropriate.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
Sanzida Talukder
NEVILLE PETERSON LLP
*Counsel for Plaintiff*
One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

Dated: August 22, 2025